**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARTWON ROWE-WILLIAMS, | |
|                    **Plaintiff,** | Case No. 1:22-cv-04934 |
|     vs. | |
| BNSF RAILWAY COMPANY, | Honorable Virginia M. Kendall |
|                  **Defendant.** | |

**DEFENDANT BNSF RAILWAY COMPANY'S MOTION TO DISMISS**
**PLAINTIFF's FIRST AMENDED COMPLAINT**
**UNDER RULE 12(b)(6) AND MEMORANDUM IN SUPPORT**

Defendant BNSF Railway Company ("BNSF"), by and through its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move for dismissal of the First Amended Complaint ("Complaint") (Doc. 13) filed by Plaintiff Martwon Rowe-Williams ("Plaintiff"). Plaintiff's Complaint attempts to bring two claims under the Americans with Disabilities Act of 1990, as amended ("ADA"), for disability discrimination for failure to hire (Count I) and retaliation (Count II). Plaintiff's Complaint should be dismissed in its entirety because, respective to Counts I or II, Plaintiff has not sufficiently pleaded facts plausibly suggesting his entitlement to relief under the ADA and Plaintiff's retaliation claim under Count II has not been administratively exhausted. In support thereof, BNSF states as follows:

## I.      FACTS AS PLEADED BY PLAINTIFF[1]

In or around November 2021, Plaintiff applied to work for BNSF as an intermodal equipment operator ("IEO"). *Id.*, ¶ 11. During the hiring process and before being hired, BNSF

---

[1] For the purposes of this Motion only, BNSF assumes the factual accuracy of the allegations set out in Plaintiff's Complaint and recites those alleged facts as required by courts reviewing a 12(b)(6) motion. *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017). BNSF does not admit or concede that any of the purported facts pleaded by Plaintiff are actually accurate or correct.

required Plaintiff to under a physical. *Id.*, ¶ 16. "Due to the results of the urine test showing that Plaintiff had high levels of glucose in his urine, Plaintiff disclosed that he was diabetic." *Id.*, ¶ 17. Subsequently, Plaintiff disclosed that his diabetes "required him to monitor his glucose levels and eating habits while on the job," but that he was able to perform all essential duties with or without reasonable accommodations. *Id*. After Plaintiff disclosed his diabetes, "he performed other tests as a part of the physical and passed those tests," which "show that he could perform the essential duties of an [IEO]." *Id.*, ¶¶ 18-19.

"Distraught by the unreasonable delay of being hired due to his diabetes being targeted, Plaintiff complained to a medical professional employed by [BNSF]" as to "why he was not being hired." *Id.*, ¶ 20. On or about June 1, 2022, BNSF instructed Plaintiff to get another physical, the results of which showed he was still diabetic but that his diabetes was "under control." *Id.*, ¶¶ 21-22.

On June 29, 2022, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). *Id.*, ¶ 5; *see also* Doc. 13-1, Exhibit A ("Plaintiff's Charge").[2] Plaintiff's Charge asserts that BNSF discriminated against him based on his disability and retaliated against him "by denying [him] the position." Doc. 13-1, p. 2. Plaintiff received a Notice of Right to Sue from the EEOC, which the EEOC signed on August 25, 2022. Doc. 13, ¶ 6; *see also* Doc. 13-2, Exhibit B ("Right

---

[2] The Court may properly consider Plaintiff's Charge without converting BNSF's Rule 12(b)(6) Motion into a Rule 56 Motion for Summary Judgment because Plaintiff's Complaint explicitly refers to and relies upon Plaintiff's Charge. *McElroy v. Advoc. Healthcare System Cordell*, No. 17-C-50270, 2018 WL 5016825, at *1, n. 1 (N.D. Ill. Oct. 16, 2018). Moreover, Plaintiff's Charge meets the criteria because it is referenced, relied upon, and also attached to Plaintiff's Complaint. *See* Doc. 13, ¶ 5; *see also* Doc. 13-1.

to Sue").[3] Plaintiff alleges now that BNSF did not hire him because of diabetes and because he complained to BNSF's medical professional. Doc. 13, ¶ 23.

## II.    STANDARD OF REVIEW

In resolving a Rule 12(b)(6) motion, a court must take all well-pleaded facts as true, but after assuming the veracity of all well-pleaded facts, the court must assess whether those factual assertions "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the allegations must "give the defendant fair notice of what the [ ] claim is and the grounds up which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). The "plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Moreover, merely reciting a cause of action's elements, supported by nothing more than conclusory statements, is insufficient to state a claim for relief. ("[A] plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). *Id*.

"A court may dismiss a claim under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Baines v. City of Chi.*, 584 B.R. 723, 725 (N.D. Ill. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). In general, the court's inquiry of whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss "is restricted to considering facts alleged in the complaint and exhibits thereto." *Hall v. Walsh Constr. Co.*, No. 11 CV08706, 2012 WL 3264921, at *5 n. 4 (N.D. Ill.

---

[3] For the same reasons stated in n. 2, respective to Plaintiff's Charge, the Court may also properly consider the Right to Sue. *See* Doc. 13, ¶ 6; *see also* Doc. 13-2.

Aug. 9, 2012). In deciding a motion under Rule 12(b)(6), courts may properly consider documents attached to the complaint and "evidence incorporated by reference into the complaint." *In re Rust-Oleum Restore Mktg*., 155 F.Supp.3d 772, 782 (N.D. Ill. 2016) (collecting cases); *see also Rosenblum v. Travelbyus.com Ltd*., 299 F.3d 657, 661 (7th Cir. 2002).

## III.    ARGUMENT

The Court should dismiss Plaintiff's Complaint as a whole because both causes of action presented fail to state a claim upon which relief can be granted.

### A.    Plaintiff has not adequately alleged that he is or was "disabled" under the ADA, and therefore he cannot maintain his disability discrimination claim (Count I).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 USC § 12102(1). An individual is "substantially limited" if his impairment rendered him "unable to perform a major life activity that the average person in the general population can perform or [if he was] significantly restricted as to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Johnson v. City of Chicago Bd. of Educ.*, 142 F. Supp. 3d 675, 684–85 (N.D. Ill. 2015) (quoting *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007)). In the ADA context, a plaintiff advancing a claim under the ADA must allege that he is disabled and, "[n]ormally he also must allege what exactly makes him disabled." *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)).

Plaintiff alleges that he is a diabetic, "a physical impairment that substantially limits major life activities, in which Plaintiff constantly monitors his glucose levels through testing, and is required to monitor his eating habits," including "while on the job." Doc. 13, ¶¶ 13 and 17. On its

face, Plaintiff fails to allege that he, himself, is disabled as defined by the ADA. Specifically, although he asserts that he is diabetic and that being diabetic "is a physical impairment that substantially limits major life activities," Plaintiff does not claim that he personally suffers from any physical impairment that substantially limits any major life activity. He feebly attempts to satisfy the requirement via asserting that he monitors his glucose levels through testing and is required to monitor his eating habits, including "while on the job." _Id._ Such assertions fall far short because they do not describe or even imply how monitoring glucose levels and being required to monitor eating habits (not that he actually monitors his eating habits) are substantially limiting, "while on the job" or otherwise. Simply put, Plaintiff's claim asserts what he does and is required to do (but may not actually do), not what Plaintiff is substantially limited in doing.

Plaintiff also alleges that he "has a record of his disability being treated on an ongoing basis." _Id.,_ ¶ 15. Plaintiff's attempt at claiming he is disabled under 42 USC § 12102(1)(C) fails because establishing disability under the "record of" theory requires pleading that he has a record of having been substantially limited in a major life activity. 29 CFR § 1630.2(k). In other words, just as Plaintiff must adequately allege that he suffers from a physical impairment that substantially limits major life activities for the purpose of asserting he is disabled under 42 USC § 12102(1)(A), he must adequately allege the same plus that he has a record of such in order to satisfy a claim under the "record of" theory. Accordingly, in addition to the reasons discussed above as to why Plaintiff has not adequately alleged facts sufficient to plead disability discrimination under the actual disability prong, Plaintiff's allegation that he has a record of being treated for diabetes is not enough to sufficiently plead disability discrimination under the "record of" prong.

In sum, to the extent that Plaintiff need only allege that BNSF denied him hire because of his disability (_see Dixon v. The CMS_, No. 14 C 4986, 2015 WL 6701771, at *2 (N.D. Ill. Nov. 3,

2015) (internal citations omitted), his Complaint fails nonetheless because he does not adequately allege that he is disabled as defined by the ADA. Thus, his claim for disability discrimination based on failure to hire must be dismissed.[4]

**B.** **Plaintiff asserts two factual scenarios to support his ADA retaliation claim (Count II), but failed to administratively exhaust and sufficiently plead his retaliation claim under either scenario.**

First, to bring a claim under the ADA, a plaintiff must timely file a discrimination charge with the EEOC to exhaust his administrative remedies. *See* 42 USC. §§ 2000e-5(e)(1), 12117(a) (incorporating Title VII's administrative procedures into the ADA). The charge-filing rule is a mandatory precondition to bringing an action in court, and so failure to exhaust this administrative remedy is grounds for dismissal. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846, 1851-52, 204 L.Ed.2d 116, 127-28 (2019).

"[T]he 'scope of a judicial proceeding following an EEOC charge 'is limited by the nature of the charges filed with the EEOC.'" *Watkins v. BNSF Ry. Co.*, No. 21 C 3547, 2022 WL 4386684, at *8 (N.D. Ill. Sept. 21, 2022) (internal citations omitted). "[A] plaintiff may only bring claims that are originally included in the EEOC charge or are 'reasonably related to the allegations of the EEOC charge and growing out of such allegations.'" *Id*. In considering whether a claim not explicitly raised in the EEOC charge is "reasonably related," the EEOC charge and the complaint "must describe the same conduct and implicate the same individuals." *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018).

Second, to state a plausible ADA retaliation claim, Plaintiff must assert that he engaged in protected activity under the ADA and that he suffered an adverse employment action as a result.

---

[4] In contradiction to Plaintiff's alleged "Background Facts" and particularly his disability discrimination claim based on failure to hire, Plaintiff asserts that BNSF employed Plaintiff as an employee within the meaning of the ADA. *See* Doc. 13, ¶ 9.

*See Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008). Protected activity under the ADA includes opposition to a form of discrimination protected by the ADA or exercising a right provided by the ADA, such as requesting a reasonable accommodation or filing a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under the ADA. 42 USC § 12203(a); *see also Mobley*, 531 F.3d at 549.

In Plaintiff's case, he asserts on one hand, as set out in his alleged "Background Facts," that BNSF failed to hire him because he engaged in protected activity "when he complained to [BNSF's] medical professional." Doc. 13, ¶ 23. On the other hand, Plaintiff asserts in the body of Count II that he "engaged in protected conduct" when he "disclosed his disability under the ADA when he was being hired" and in response, BNSF failed to engage in the interactive process to determine appropriate accommodations and failed to provide Plaintiff with any reasonable accommodations to perform the IEO job. *Id.*, ¶¶ 34-36. Under either scenario, Plaintiff's retaliation claim fails both for failure to exhaust administrative remedies and for failure to state a plausible claim.

Under the first scenario asserted by Plaintiff, as set out in his "Background Facts," he alleges that BNSF failed to hire him because he engaged in protected activity "when he complained to [BNSF's] medical professional." *Id.*, ¶ 23. In comparison, Plaintiff's Charge is completely devoid of any allegations that he complained to BNSF, to a BNSF medical professional, or that he complained at all, to anyone regarding any aspect of BNSF's hiring process that he experienced as related to his application for the IEO position. *See* Doc. 13-1. Thus, insofar as Plaintiff incorporates this allegation under Count II (Doc. 13, ¶ 32), Plaintiff has failed to administratively exhaust a retaliation claim based on this scenario.

Moreover, nothing about Plaintiff's allegation that he "complained to a medical professional employed by [BNSF] and asked why he was not being hired," (*Id.*, ¶ 20) asserts or even suggests that Plaintiff complained to BNSF about alleged discrimination under the ADA. In fact, given that Plaintiff prefaces the allegation with reference to how long the hiring process took (*i.e.*, the "unreasonable delay of being hired"), the allegation is more aptly interpreted as a complaint about the hiring process, not a complaint of unlawful discrimination under the ADA within the ADA's definition of protected activity. As such, Plaintiff has failed to sufficiently plead facts to support a retaliation claim based on this scenario.

Under the second scenario asserted by Plaintiff, as set out under Count II of Plaintiff's Complaint, he alleges that he engaged in protected conduct when he disclosed his disability during BNSF's hiring process and BNSF thereafter retaliated against him by failing to engage in the interactive process and failing to provide Plaintiff with any reasonable accommodations needed to perform the job. Doc. 13, ¶¶ 34-35. In comparison, Plaintiff's Charge does not allege that he requested reasonable accommodations either as needed to participate in the hiring process or as related to performing the essential duties of the IEO position he applied to. *See* Doc. 13-1. His Charge also does not allege that BNSF failed to engage in the interactive process or what reasonable accommodation it was that BNSF allegedly failed to provide. *Id*. Rather Plaintiff's Charge only asserts, as related to his application for an IEO position, that "before he could be hired," BNSF required him "to pass medical physicals," "obtain additional medical tests for the position," obtain another physical and blood work," and, subsequently, BNSF denied him the position. *Id*. Accordingly, Plaintiff failed to administratively exhaust a retaliation claim based on this scenario.

Additionally, Plaintiff's retaliation claim under this scenario asserts that he engaged in protected activity when he disclosed his diabetes during BNSF's hiring process. However, as stated, protected activity under the ADA includes opposition to a form of discrimination protected by the ADA or exercising a right provided by the ADA, such as requesting a reasonable accommodation or filing a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under the ADA. 42 USC § 12203(a); *see also Mobley*, 531 F.3d at 549. The act of disclosing a disability is not, by itself, protected activity under the ADA and, therefore, insufficiently supports Plaintiff's retaliation claim under this scenario.

Finally, the required adverse action element of Plaintiff's retaliation claim under this scenario relies on BNSF's alleged failure to engage in the interactive process and alleged failure to provide Plaintiff with reasonable accommodations. Yet, Plaintiff does not otherwise assert any underlying facts in support of, much less a cause of action for, failure to engage in the interactive process or failure to accommodate. Even if Plaintiff did assert such a claim, the retaliation claim would still fail because both claims would seek redress for the same alleged bad conduct. This Court and other courts within the Seventh Circuit have consistently dismissed ADA retaliation claims where the claim is duplicative of and based on the same conduct underlying a plaintiff's failure-to-accommodate claim. *Jones v. Mister "P" Express, Inc.*, No. 420CV00254JMSDML, 2021 WL 2454450, at *7 (S.D. Ind. 2021) (dismissing ADA retaliation claim based on the same alleged adverse action underlying ADA failure to accommodate claim); *Pack v. Ill. Dep't of Healthcare & Fam. Servs.*, 2014 WL 3704917, at *4 (N.D. Ill. 2014) (dismissing ADA retaliation claim based on employer's denial of requested accommodation as "duplicative" of ADA failure to accommodate discrimination claim); *Imbody v. C & R Plating Corp.*, 2009 WL 196251, at *4 (N.D. Ind. 2009) (dismissing ADA retaliation claim that was based on same conduct as failure to

accommodate claim); *Pagliaroni v. Daimler Chrysler Corp.*, 2006 WL 2668157, at *9 (E.D. Wis. 2006) (holding that retaliation claim was duplicative of failure to accommodate claim under the ADA because "almost every failure to accommodate claim would be simultaneously a retaliation claim" and "it was unlikely Congress' intent to provide plaintiffs redundant relief for the same conduct when it established the anti-retaliation provisions of the ADA").

In sum, Plaintiff asserts two factual scenarios to support his ADA retaliation claim, but he failed to administratively exhaust and sufficiently plead his retaliation claim under either scenario.

## IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant BNSF Railway Company respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety because Plaintiff has failed to state a claim upon which relief can be granted for all both claims asserted and he has also failed to exhaust administrative remedies for the retaliation claim asserted.

Respectfully submitted this 13th day of December, 2022.

Respectfully submitted,

Constangy, Brooks, Smith & Prophete, LLP

*/s/ Laura A. Balson*
Laura A. Balson (#6291377)
300 S. Wacker Drive Ste. 1050
Chicago, IL 60606
P: 773.661.4710
lbalson@constangy.com

Heather M. Miller (MO #70249)
Admitted *Pro Hac Vice*
Constangy, Brooks, Smith & Prophete, LLP
1201 Walnut Street, Suite 2350
Kansas City, MO 64106
Telephone: 816-472-6400
Facsimile: 816-329-5954
hmiller@constangy.com

Attorneys for Defendant BNSF Railway Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of December, 2022, I electronically transmitted the foregoing document with the Clerk of Court using the ECF System which will send notification of such filing to the following:

Nathan C. Volheim
Chad W. Eisenback
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com

ATTORNEY FOR PLAINTIFF

*/s/ Laura A. Balson*
An Attorney for Defendant

8745781v1