UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTWON ROWE-WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:22-CV-04934 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **BNSF RAILWAY COMPANY,** | ) | **Honorable Judge Virginia** |
| | ) | **M. Kendall** |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**NOW COMES** Plaintiff, Martwon Rowe-Williams ("Plaintiff"), by and through the undersigned counsel, submitting this memorandum in support of his opposition to Defendant BNSF Railway Company's 12(b)(6) Motion to Dismiss, and in support states as follows:

### I. INTRODUCTION

On November 29, 2022, Plaintiff filed his two-count Amended Complaint with this Court against Defendant, BNSF Railway Company. Dkt. 13. Plaintiff's claims generally arise out of Defendant's conduct in the hiring process, disability discrimination for failure to hire (Count I) and retaliation (Count II). *Id.* These claims arise from Americans with Disabilities Act of 1990, as amended ("ADA").

On December 13, 2022, Defendant filed their Motion to Dismiss to Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. Dkt. 20. In opposition, Plaintiff submits this memorandum in support of his opposition to Defendant's 12(b)(6) motion to dismiss and respectfully requests the Court to deny Defendant's motion or in the alternative allow

Plaintiff to amend his Complaint.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). If it only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint fails to satisfy the pleading requirements and dismissal is appropriate. *Id., quoting Twombly*, 550 U.S. at 555. When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). A court is not obligated, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Twombly*, 550 U.S. at 570.

## III. ARGUMENT

### A. PLAINTIFF HAS ADEQUATELY ALLEGED HE WAS DISABLED

Defendant's position is that Count I of Plaintiff's complaint, disability discrimination based on failure to hire, must fail because Plaintiff has failed to adequately allege he is disabled as defined by the ADA. As Defendant correctly states, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 USC § 12102(1). However, Defendant is essentially asking this Court to make a factual finding that Plaintiff is not disabled, an argument better suited for a summary judgment motion than a motion to dismiss. The allegations in the Plaintiff's First Amended Complaint plausibly demonstrate a

2

physical impairment that substantially limits a major life activity.

The ADA defines major life activities in two subsections, both "in general" and "major bodily functions".

> For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, **eating**, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 USC § 12102(2)(A) (**emphasis added**)

> For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, **endocrine**, and reproductive functions. 42 USC § 12102(2)(A) (**emphasis added**)

In Plaintiff's First Amended Complaint, Plaintiff clearly alleges to two major life activities are substantially limited, eating and Plaintiff's endocrine system (the monitoring of Plaintiff's blood glucose levels.) Dkt. 13, ¶¶ 13 and 17.

Defendant argues that the substantial limitations Plaintiff put forth in his First Amended Complaint, that Plaintiff constantly monitors his glucose levels and must monitor his eating, do not describe or imply how they are substantially limiting. Dkt. 20. Pg. 4. However, as stated above, Defendant is incorrectly putting forth a summary judgement argument at the 12(b)(6) stage. Courts in this Circuit have been clear that the determination of whether a substantial limitation of a major life activity exists is a question of fact. "A determination of disability must be made on an individualized, case-by-case basis. Whether a substantial limitation upon a major life activity exists depends upon an analysis of 1) the nature and severity of the impairment, 2) the duration of the impairment, and 3) the permanent or long-term impact of the impairment...Such a fact-based inquiry and determination is not generally motion to dismiss territory." *Homeyer v. Stanley Tulchin Assocs.*, 91 F.3d 959, 962 (7th Cir. 1996). As such, and with the pleadings construed broadly and

liberally in conformity with the mandate for justice in Federal Rule of Civil Procedure 8(e), Plaintiff has sufficiently alleged he is disabled as defined by the ADA and the court must deny Defendant's Motion to Dismiss Count I. However, if this Court determines that Plaintiff has not sufficiently pled that he has a disability under the ADA, Plaintiff requests this Court allow him to amend his Pleading.

**B.     PLAINTIFF BOTH ADMINISTRATIVELY EXHAUSTED AND SUFFICIENTLY PLED HIS RETALIATION CLAIM**

Defendant's position is that Count II fails for two separate reasons; that Plaintiff failed to exhaust administrative remedies and that Plaintiff failed to sufficiently plead his retaliation claim.

In order to exhaust administrative remedies, a Plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in his complaint. *Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). Furthermore, "A complaint may properly encompass any discrimination like or reasonably related and growing out of charges filed with the EEOC." *Hernandez v. William Rainey Harper Coll.*, No. 10 C 2054, 2011 U.S. Dist. LEXIS 124922, 2011 WL 5122698, at *11 (N.D. Ill. Oct. 27, 2011) (quoting *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993)). Moreover, the boxes "checked on the EEOC form do not necessarily control the scope of a subsequent civil complaint." *Kristufek*, 985 F.2d at 368. Instead, when reviewing a plaintiff's EEOC charge, the court must consider the box or boxes that the plaintiff checked off on the EEOC form, as well as the factual allegations in the charge. See *Id.*; see also *Nasserizafar v. INDOT*, No. 12-CV-1534-WTL-DKL, 2013 U.S. Dist. LEXIS 29035, 2013 WL 786779, *3 (S.D. Ind. Mar. 1, 2013). Furthermore, as Title VII's administrative procedures have been incorporated into the ADA, we can look to this Courts treatment of determining whether an EEOC charge encompasses the claims in a complaint of a Title VII case as a guideline. All Title VII claims set forth in a complaint are cognizable that are

"like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976) (*en banc*) (quoting *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir. 1971)), *cert. denied,* 429 U.S. 986 (1976). Thus, the test of *Jenkins* is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.* The second part of the test is difficult to apply because it requires speculation as to what the EEOC might or might not discover in the course of an investigation. *Id.*

Defendant's motion points to two sections of the amended complaint that could lead to retaliation claims, Plaintiff's disclosure to Defendant's medical professional and Plaintiff's disclosure to Defendant during the hiring process and Defendant's subsequent failure to engage in the interactive process. While Plaintiff has not bifurcated his retaliation charge and believes the complaint adequately pleads retaliation in its totality, as Defendant has split Plaintiff's retaliation charge into two scenarios and as such, this motion will address both. In both of these circumstances, the allegation's in Plaintiff's amended complaint both grow out of and are reasonably related to Plaintiff's EEOC charge.

Under scenario one, which Defendant has singled out as Dkt. 13, ¶ 20-23, Defendant states "Plaintiff's Charge is completely devoid of any allegations that he complained to BNSF, to a BNSF medical professional, or that he complained at all, to anyone regarding any aspect of BNSF's hiring process that he experienced as related to his application for the IEO position." Dkt. 20, Pg. 7. However, Plaintiff's allegations both clearly grow out of and are clearly related to Plaintiff's EEOC charge. Plaintiff's EEOC charge confirms he disclosed his disability to Defendant ("I disclosed my disability to the Employer") and received several medical tests ("Due to my

5

disability, the Employer required me to obtain additional medical tests for the position." and "Employer refused to move forward with my employment and required me to obtain another physical and blood work due to my disability.") A retaliation charge regarding Plaintiff's complaints to BNSF's medical professional about the hiring process naturally grows out of Defendant's constant need for testing (which he continually passed) and Defendant's alleged constant refusal to hire based on Plaintiff's disability, thus satisfying the test laid forth in *Jenkins*.

The same rule and logic is applied to the second scenario laid out by Defendant, retaliation by Defendant in the form of failure to engage in the interactive process and failure to provide Plaintiff with any reasonable accommodations needed to perform the job after he disclosed his disability during Defendant's hiring process. Defendant argues that Plaintiff's EEOC charge fails to explicitly state he requested reasonable accommodations or that Defendant failed to engage in the interactive process or provide accommodations. However, as mentioned above, Plaintiff's EEOC charge explicitly states 1) that he disclosed his disability to Defendant, 2) that he was subsequently subjected to a barrage of testing due to his disability, 3) Defendant refused to hire Plaintiff, and 4) Plaintiff was subject to retaliation. Instead of working with Plaintiff to find a reasonable accommodation, Defendant continuously subjected Plaintiff to testing due to his disability. These statements are the natural starting points for a retaliation claim that would grow out of Plaintiff's EEOC charge and are reasonably related to the level that Plaintiff has adequately exhausted his administrative remedies and satisfied the test in *Jenkins*.

Defendant next asserts that Plaintiff's retaliation claim is insufficiently pled. Again, while Defendant has attempted to bifurcate Plaintiff's complaint, it is important that it is viewed in its totality. However, even solely using Defendant's first scenario, Plaintiff has adequately pled retaliation. Defendant alleges Plaintiff "neither asserts or even suggests that Plaintiff complained

to BNSF about alleged discrimination under the ADA." Further stating "the allegation is more aptly interpreted as a complaint about the hiring process, not a complaint of unlawful discrimination under the ADA within the ADA's definition of protected activity." Dkt. 20, Pg. 8. Even isolating the paragraph Defendant is referencing, mental gymnastics are required to avoid the conclusion Plaintiff is "asserting or suggesting" he complained about alleged discrimination under the ADA. The paragraph referenced reads in its entirety: "by the unreasonable delay of being hired **due to his diabetes being targeted, Plaintiff complained to a medical professional employed by Defendant and asked why he was not being hired, as his physicals showed his diabetes was under control** and he could perform all essential job duties." Dkt. 13, ¶ 20 (**emphasis added**). Clearly, or at a minimum plausibly, Plaintiff was engaging in protected activity, complaining about unlawful discrimination regarding his diabetes. This becomes clearer when another paragraph from the amended complaint is added for context: "as a result, Defendant failed to hire Plaintiff on the basis of his disability, diabetes and for engaging in protected activity when he complained to the Defendant's medical professional." *Id.* ¶23. As such, Plaintiff has sufficiently pled a case for retaliation. Defendant again alludes to a plausible second scenario, and states Plaintiff failed to engage in a protected activity under the ADA. As shown above Plaintiff did engage in protected activity under the ADA and Defendant's retaliatory conduct in not engaging in an interactive process with Plaintiff is in addition to, not in lieu of, Defendant's first scenario. As such, in its totality, Plaintiff's First Amended Complaint states a plausible claim for retaliation.

## IV. CONCLUSION

Plaintiff has sufficiently pled his claims in his Amended Complaint to establish a *prima facie* case and therefore, respectfully requests this Court deny Defendant's Motion to Dismiss Plaintiff's Amended Complaint or in the alternative allow Plaintiff leave to amend his complaint.

Dated this 13[h] day of January, 2023.

> */s/ Alexander J. Taylor*
> Alexander J. Taylor
> *Counsel for Plaintiff*
> SULAIMAN LAW GROUP, LTD
> 2500 South Highland Avenue, Suite 200
> Lombard, IL 60148
> Telephone: (331) 272-1942
> Facsimile: (630) 575-8188
> Email: ataylor@sulaimanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2023, a true and correct copy foregoing has been provided electronically via electronic mail and/or via U.S. mail to following:

> **/s/** *Alexander J. Taylor*
> **ALEXANDER J. TAYLOR, ESQ.**

8