THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTWON ROWE-WILLIAMS, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 22 C 4934 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martwon Rowe-Williams, who has diabetes, claims that Defendant BNSF Railway Company discriminated and retaliated against him in violation of the Americans with Disabilities Act (ADA) by failing to hire him. (Dkt. 13 at ¶¶ 25–31, 32–38). BNSF moves to dismiss Rowe-Williams's Amended Complaint for failure to state a claim. (Dkt. 20). For the reasons below, BNSF's motion to dismiss is granted in part and denied in part.

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Rowe-Williams's Amended Complaint (Dkt. 13) and are assumed true for purposes of BNSF's motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Rowe-Williams applied to work for BNSF as an intermodal equipment operator around November 2021. (Dkt. 13 ¶ 2). Because Rowe-Williams has diabetes, he must "constantly monitor his glucose levels through testing" and "monitor his eating habits"—including "while on the job." (*Id.* at ¶¶ 13, 17). Rowe-Williams has a record of receiving treatment for his diabetes. (*Id.* at ¶ 15).

After Rowe-Williams applied for the job, BNSF required him to take a physical examination. (*Id.* at ¶ 16). A test revealed "high levels of glucose" in Rowe-Williams's urine, so

1

he told BNSF that he had diabetes. (*Id.* at ¶ 17). Although Rowe-Williams had to monitor his glucose levels and eating habits while working, he later explained to BNSF, his diabetes would not prevent him from "perform[ing] all essential duties of his job with or without reasonable accommodations." (*Id.*). Rowe-Williams then took and passed further tests as part of the physical examination, "show[ing] that he could perform the essential duties of an intermodal equipment operator." (*Id.* at ¶¶ 18–19).

Believing the delay in his hiring was "unreasonable," Rowe-Williams complained to a BNSF medical professional, asking "why he was not being hired, as his physicals showed his diabetes was under control and he could perform all essential job duties." (*Id.* at ¶ 20). Around June 1, 2022, BNSF asked Rowe-Williams to take a second physical examination, which showed that Rowe-Williams's diabetes was "under control," and he could still do the job. (*Id.* at ¶¶ 21–22). BNSF did not hire Rowe-Williams. (*Id.* at ¶ 23).

On June 29, 2022, Rowe-Williams filed a charge with the Equal Employment Opportunity Commission (EEOC), naming BNSF as the employer and checking boxes indicating that he faced "retaliation" and "disability" discrimination. (*Id.* at ¶ 5; Dkt. 13-1). Rowe-Williams filed this action on September 13, 2022, (Dkt. 1), within 90 days of receiving a notice of his right to sue from the EEOC. (Dkt. 13 ¶ 6; Dkt. 13-2).

In his Amended Complaint, Rowe-Williams raises two claims against BNSF, both under the ADA: (1) disability discrimination; and (2) retaliation. (Dkt. 13 ¶¶ 25–31). BNSF now moves to dismiss Rowe-Williams's Amended Complaint for failure to state a claim. (Dkt. 20). BNSF also argues that Rowe-Williams failed to administratively exhaust his retaliation claim. (*Id.*)

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the well-pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Id.* (citing *W. Bend. Mut. Ins.*, 844 F.3d at 675).

Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough. *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual content must "raise a right to relief above the speculative level." *Kaminski*, 23 F.4th at 776 (quoting *Twombly*, 550 U.S. at 555). Specifically, a plaintiff claiming employment discrimination "must advance plausible allegations that [he] experienced discrimination because of [his] protected characteristics." *Kaminski*, 23 F.4th at 776.

**DISCUSSION**

**I.     ADA Discrimination (Count I)**

In Count I, Rowe-Williams alleges that BNSF did not hire him because of his disability. (Dkt. 13 ¶¶ 25–31). To state a claim for disability discrimination under the ADA, a plaintiff must allege that: (1) he is disabled; (2) is qualified to perform the job's essential functions, "with or

3

without reasonable accommodation"; and (3) "has suffered an adverse employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (quoting *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013)). BNSF only challenges the sufficiency of Rowe-Williams's allegations with respect to the first element—his disability. (Dkt. 20 at 5–6).

A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual," "a record of such an impairment," or "being regarded as having such an impairment." *Koty v. DuPage County*, 900 F.3d 515, 519 (7th Cir. 2018) (quoting 42 U.S.C. § 12102(1)); *see also Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965 (7th Cir. 2019) (explaining that an ADA plaintiff must "allege what exactly makes him disabled"); *Rowlands v. United Parcel Serv. – Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018) ("[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." (quoting 42 U.S.C. § 12102(2)); *compare Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 923–26 (7th Cir. 2001) (holding that the plaintiff's insulin-dependent diabetes was a physical impairment "that substantially limit[ed] the major life activity of eating"), *and Nawrot v. CPC Int'l*, 277 F.3d 896, 903 (7th Cir. 2002) (ruling that the plaintiff had sufficiently demonstrated that his diabetes "substantially limit[ed] the major life activities of working, thinking, and caring for himself"), *with Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010) (finding that the plaintiff failed to allege "that his diabetes limited or restricted his ability to perform major life activities").

Here, Rowe-Williams alleges that his diabetes requires him to "constantly monitor his glucose levels through testing" and "monitor his eating habits"—including "while on the job." (Dkt. 13 ¶¶ 13, 17). This is sufficient to survive dismissal; at a minimum, Rowe-Williams's

4

allegations permit a plausible inference that his diabetes impairs his eating, which is a major life activity. *See Lawson*, 245 F.3d at 926. Of course, Rowe-Williams must eventually prove that he has a disability which impairs a major life activity. But that fact-specific inquiry is best resolved at summary judgment or trial. *See Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 962–63 (7th Cir. 1996); *Kaminski*, 23 F.4th at 777. Accordingly, Rowe-Williams has sufficiently alleged a disability, and his disability-discrimination claim survives.

## II.     ADA Retaliation (Count II)

In Count II, Rowe-Williams claims that BNSF retaliated against him in violation of the ADA by failing to consider reasonable accommodations for his diabetes and failing to hire him. (Dkt. 13 ¶¶ 23, 32–38). BNSF challenges Rowe-Williams's retaliation claim on two grounds: (1) failure to exhaust administrative remedies; and (2) failure to state a claim. (Dkt. 20 at 6). Since Rowe-Williams has failed to state a retaliation claim, the Court does not address the failure-to-exhaust argument.[1]

To state a claim for retaliation under the ADA, Rowe-Williams must allege that BNSF "subjected him to an adverse employment action because he engaged in *protected* activity." *Sanders v. Ill. Dep't of Cent. Mgmt. Servs.*, 593 F. App'x 575, 577 (7th Cir. 2015) (citing *Carlson v. CSX Transp., Inc.*. 758 F.3d 819, 828 (7th Cir. 2015)). BNSF argues that Rowe-Williams has failed to allege protected activity. (Dkt. 20 at 8–9).

Protected activity includes opposing "any act or practice" that violates the ADA or "'ma[king] a charge' or 'participat[ing]' in an ADA case." *Sanders*, 593 F. App'x at 577 (quoting

---

[1] *Cf. Salas v. Wis. Dep't of Corr.*, 493 F.3d 913 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court [under Title VII]; rather, it is an affirmative defense akin to administrative exhaustion." (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982))); *see Calvin v. Sub-Zero Freezer, Co.*, 697 F. App'x 874, 875 (7th Cir. 2017) (noting the ADA adopts Title VII's exhaustion procedures).

42 USC § 12203(a), and citing *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1117 (7th Cir. 2001)). Protected activities include informal complaints of disability discrimination, *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009), and requests for accommodation. *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 938 (7th Cir. 2006).

Rowe-Williams's Amended Complaint alleges that he "complained to a medical professional employed by [BNSF] and asked why he was not being hired, as his physicals showed his diabetes was under control and he could perform all essential job duties." (Dkt. 13 ¶ 20). At most, this allegation suggests that Rowe-Williams complained about BNSF's slow hiring process. It does not permit a plausible inference that Rowe-Williams complained of discrimination—even informally. *Cf. Casna*, 574 F.3d at 426–27 (ruling that the plaintiff engaged in protected activity by asking her employer, "Aren't you being discriminatory?").

Rowe-Williams's allegation that he disclosed his diabetes to BNSF is also insufficient. (*See* Dkt. 13 ¶ 34). Although Rowe-Williams alleges he later informed BNSF that his diabetes would not prevent him from "perform[ing] all essential duties of his job with or without reasonable accommodations," *(Id.* at ¶ 17), he did not request an accommodation. *See Cassimy*, 461 F.3d at 938. Mere disclosure of his disability—even coupled with a statement that he could do the job—does not constitute protected activity. *See Sanders*, 593 F. App'x at 577; 42 USC § 12203(a). Since Rowe-Williams has failed to allege protected activity, his retaliation claim cannot proceed.

## **CONCLUSION**

For the reasons above, BNSF's motion to dismiss [20] is granted in part and denied in part. Count I survives, while Count II is dismissed without prejudice. Rowe-Williams may file a second amended complaint by March 14, 2023.

_____
Virginia M. Kendall
United States District Judge

Date: February 21, 2023