UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTWON ROWE-WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-04934 |
| v. | ) |
| | ) Honorable Virginia M. Kendall |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT BNSF RAILWAY COMPANY'S RULE 12(b)(6) MOTION TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant BNSF Railway Company ("BNSF"), by and through its attorneys, LaPointe Law, P.C., and pursuant to Fed. R. Civ. P. 12(b)(6), submits this motion to dismiss Count II of Plaintiff's Second Amended Complaint ("SAC," Dkt. #42), wherein Plaintiff alleges that BNSF retaliated against him in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Dismissal is required because Plaintiff fails to state a claim for retaliation and because Plaintiff failed to exhaust his available administrative remedies. Because Plaintiff's SAC is this third unsuccessful attempt to plead the nominal factual basis for a retaliation claim, the Court should dismiss Count II of Plaintiff's SAC with prejudice.

**I.  RELEVANT ALLEGATIONS IN PLAINTIFF'S SECOND AMENDED COMPLAINT**

In November 2021, Plaintiff applied to work for BNSF as an Intermodal Equipment Operator ("IEO"). (SAC ¶ 11) As part of its hiring process, BNSF required Plaintiff to undergo physical tests. (*Id.* at ¶¶ 16, 21) Plaintiff's urine test showed that he had high levels of glucose in his urine. (*Id.* at ¶ 17) Plaintiff disclosed to BNSF that he was diabetic and that his diabetes "required him to monitor his glucose levels and eating habits while on the job." (*Id.*) Plaintiff

claimed, however, that he would be able to perform the essential duties of the IEO position, with or without reasonable accommodations. (*Id.*)

Plaintiff contends that he "complained to a medical professional employed by [BNSF]" about the delay in his hiring. (*Id.* at ¶ 20) In addition, his SAC, in which he made a single change to his FAC, now contains the sentence: "Plaintiff complained that he was being discriminated against due to his diabetes." (*Id.*)

Plaintiff filed an EEOC charge, in which he alleged only that BNSF refused to hire him because he has diabetes. (*Id.* at ¶ 23; Dkt. #42-1) Following the EEOC's dismissal of his charge, Plaintiff filed his lawsuit against BNSF. The operative complaint alleges discrimination (Count I) and retaliation (Count II) in violation of the ADA. (Dkt. #42)

## II. STANDARD OF REVIEW

This is Plaintiff's third attempt to keep his claims against BNSF alive. The Court is well acquainted with the rudimentary allegations upon which Plaintiff's claims are based, as well as with the standard for dismissal under Fed. R. Civ. P. 12(b)(6). (See Dkt. #35, Memorandum and Opinion and Order, p. 3, dismissing retaliation count from Plaintiff's First Amended Complaint "FAC")

## III. ARGUMENT

### A. Plaintiff fails to state a claim for retaliation in violation of the ADA.

To state a claim for retaliation under the ADA, a plaintiff must allege that "(1) she engaged in a statutorily protected activity, (2) the retaliator was aware of the protected activity, (3) she suffered an adverse employment action, and (4) a causal connection exists between the protected activity and the adverse action." *Pack v. Ill. Dep't of Healthcare & Family Servs.,* 2015

U.S. Dist. LEXIS 101552, at *14 (N.D. Ill. July 25, 2014). Plaintiff's dubious addition of one conclusory sentence that merely states an element of his claim and nothing more is not sufficient to save his retaliation claim from dismissal under Fed. R. Civ. P. 12 (b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Specifically, Plaintiff fails to plead facts from which the Court could reasonably conclude that Plaintiff engaged in protected activity or that there is any causal connection between his newly revealed purported complaint and BNSF's decision not to hire him.

1. **Plaintiff fails to plausibly allege protected activity.**

Protected activity under the ADA includes opposition to a form of discrimination protected by the ADA or exercising a right provided by the ADA, such as requesting a reasonable accommodation or filing a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under the ADA. 42 USC§ 12203(a); *see also Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008).

Notably absent from Plaintiff's allegations, since the inception of his claims against BNSF, has been any description of any complaint of discrimination. Plaintiff does not now, nor has he ever, sufficiently alleged that he engaged in protected activity as required under the ADA. In his EEOC charge, Plaintiff makes no mention of any complaint whatsoever. (See Dkt. # 42-1) In his initial Complaint, Plaintiff asserted that his protected activity consisted of "disclosing that he had diabetes." (See Dkt. # 1 ¶ 40) BNSF moved to dismiss Plaintiff's retaliation claim, arguing that disclosure of a disability does not constitute a complaint of discrimination. (See Dkt. # 8, pp. 6-7) Before the Court could rule on BNSF's motion, Plaintiff responded by filing a First Amended

Complaint ("FAC," Dkt. #13) in which he then asserted that his "complain[t] to a medical professional employed by Defendant," consisting of "ask[ing] why he was not being hired, as his physicals showed his diabetes was under control …" constituted the requisite protected activity. (FAC ¶ 20) BNSF again moved to dismiss the retaliation count for failure to state a claim. The Court agreed with BNSF, and, in dismissing the claim, noted, "[a]t most this allegation suggests that Rowe-Williams complained about BNSF's slow hiring process. It does not permit a plausible inference that Rowe-Williams complained of discrimination—even informally." (Dkt. # 35, p. 6) The Court granted Plaintiff leave to amend his complaint again. Plaintiff did so on March 14, 2023. (See Dkt. #42) His SAC contains exactly one change from his FAC: the addition of one sparse and insufficient sentence to one paragraph. Plaintiff now alleges "Plaintiff complained that he was being discriminated against due to his diabetes." (SAC ¶ 20)

Plaintiff's SAC fails to allege facts to show that he engaged in protected activity. First of all, Plaintiff continues to erroneously contend that disclosure of a disability constitutes the requisite "opposition to discriminatory conduct." (SAC ¶ 34) Second, while Plaintiff in his Background Facts now asserts that he "complained he was being discriminated against due to his diabetes," even under Rule 8's liberal notice pleading standard, this late-in-the-game cursory statement fails to state a claim. Plaintiff is still required to plead the "easily provided, clearly important facts" that would support any claim that BNSF managers engaged in unlawful retaliation. *See e.g., EEOC v. Concentra Health Servs*. 496 F.3d 773, 780 (7th Cir. 2007). While "[t]he rules do not require unnecessary detail … neither do they promote vagueness or reward deliberate obfuscation." *Id.* ("[e]ncouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the

4

defendant to basic, critical factual allegations … providing "fair notice" of the plaintiff's claim…) *citing Conner v. Ill. Dep't Nat. Res.,* 413 F.3d 675, 679 (7th Cir. 2005); *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 875, 860 (7th Cir. 1999).

Distinguishing a retaliation claim from a discrimination claim, wherein plaintiff need only allege quite generally, "I was turned down for a job because of my race," or words to that effect, the Seventh Circuit has specifically held that plaintiffs "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct …" *Concentra Health Servs*. 496 F.3d at 780-82, *citing Kyle v. Morton High Sch.,* 144 F.3d 448, 454 (7th Cir. 1998) (reasoning that, providing such detail was "not a particularly cumbersome assignment," and "the information was of obvious critical importance to [plaintiff]'s case"). The court in *Concentra Health Servs*. provided examples of the information necessary to meet Rule 8's objective of providing notice sufficiently descriptive for the defendant to investigate plaintiff's claim: the identity of the supervisor to whom the employee complained, the discriminatory act the employee reported, and what plaintiff said when he reported the complaint, all of which the court noted, plaintiff "surely must remember in some detail." *Concentra Health Servs*. 496 F.3d at 780-82. Because Plaintiff fails to state these "easily provided facts" with respect to the "protected activity" element of his retaliation claim, the Court should dismiss the claim (Count II), with prejudice.

### 2. **Plaintiff fails to plausibly allege a causal connection between any purported complaint and BNSF's decision not to hire him.**

Even if the Court were to conclude that Plaintiff's addition of one conclusory sentence adequately establishes protected activity, Plaintiff nevertheless fails to state a claim for retaliation because he has pled no facts that point to a causal connection between any complaint and BNSF's decision not to hire him. Plaintiff is required to "plead some facts to suggest a connection in order

to establish a plausible claim for relief." *Leffler v. Ann & Robert H. Lurie Children's Hosp. of Chi.,* 2023 U.S. Dist. LEXIS 37140, *22-23 (N.D. Ill. March 6, 2023), citing *Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 828 (7th Cir. 2014) ("[A] retaliation claim can indeed be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible.") Plaintiff makes no attempt to draw any connection between his purported complaint and BNSF's decision. He does not allege who he complained to or when, in relation to BNSF's decision not to hire him, the complaint occurred. There is no indication that any BNSF employee who was involved in the decision not to hire him was even aware of his alleged complaint of discrimination. In fact, it is not even clear that the complaint was made to BNSF rather than, for example, the EEOC. Notably, Plaintiff's claims arise in November 2021. (SAC ¶ 11) While Plaintiff fails to state when BNSF decided not to hire him, one can infer from his SAC that it was after June 2022. (*see e.g., Id.* at ¶¶ 21-23) And, while there is no bright-line rule about the temporal proximity that makes a claim plausible, "even intervals shorter than four months are unlikely, standing alone, to establish the causation element of a retaliation claim." *Carlson*, 758 F.3d at 828-29; *see also Leffler*, 2023 U.S. Dist. LEXIS 37140 at *23 *(*"Without anything to suggest a connection between his protected activity and the later adverse action, Leffler fails to plead a retaliation claim.") Plaintiff has not provided temporal proximity, or any other basis for the Court to conclude a causal connection could be possible. The Court should accordingly dismiss Plaintiff's retaliation claim (Count II), with prejudice.

### B. Plaintiff has failed to exhaust his administrative remedies with respect to his retaliation claim.

Also fatal to Plaintiff's retaliation claim is his failure to first exhaust the administrative remedies available to him. In order to bring a claim under the ADA, a plaintiff must first timely

6

file a discrimination charge with the EEOC. *See* 42 U.S.C. §§ 2000e-5(e)(l), 12117 (a) (incorporating Title VII's administrative procedures into the ADA). *Fort Bend Cnty. v. Davis,* 139 S. Ct. 1843, 1846, (2019) (charge-filing rule is a mandatory precondition to bringing an action in court, and so failure to exhaust this administrative remedy is grounds for dismissal). "A plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.,* 937 F.3d 998, 1004 (7th Cir. 2019).

Generally, "retaliation and discrimination charges are not considered 'like' or reasonably related to one another." *Swearnigen-El v. Cook Cnty. Sherriff's Dep't,* 602 F.3d 852, 864-65 (7th Cir. 2010). In *Swearnigen-El*, plaintiff's EEOC charge alleged that he faced discrimination on the basis of his race and sex. *Id.* Plaintiff did not mention complaints or any retaliatory acts purportedly arising out of complaints. *Id.* "Indeed, within plaintiff's EEOC charge, there was no suggestion that plaintiff had reported alleged discrimination to anyone in the employer's supervisory chain or human resources department." *Id.* Not surprisingly, the Seventh Circuit concluded that the retaliation claim had not been exhausted. *Id.* at 865.

As for Plaintiff's EEOC charge, he asserts only that (1) BNSF required him to undergo medical tests as part of its hiring process; (2) he disclosed his purported disability to BNSF; (3) he was able to perform the essential job duties of the IEO position, with or without a reasonable accommodation; and (4) BNSF did not hire him because of his purported disability. (Dkt. #42-1) He makes no mention of any complaint and no mention of any adverse employment action tied to a complaint. In other words, at the charge stage, Plaintiff never alleged that BNSF did not hire him because he had complained of discrimination based on his disability. Because of

this omission, he is barred from asserting the retaliation claim in his federal lawsuit. *See Johnson v. Beach Park Sch. Dist.*, 638 F. App'x. 501, 502 (7th Cir. 2016) ("Johnson failed to exhaust her administrative remedies for her age discrimination claim [because] [n]othing in her EEOC charges ... even hints at age discrimination."); *Leffler,* 2023 U.S. Dist. LEXIS 37140 at *19-20 (dismissing plaintiff's hostile work environment count from his complaint, noting, "[a]bsent from Leffler's EEOC charge is any indication of the hostile work environment claims he now brings."); *Minge v. Cook Cty., Ill.,* 2022 U.S. Dist. LEXIS 176697, *12 (N.D. Ill. Sept. 29, 2022) (granting employer's 12(b)(6) motion to dismiss employee's race-based harassment claim, holding "Under the law, Plaintiff may not proceed here on claims she failed to raise in her discrimination charge."); *Sanchez v. Tootsie Roll Industries, LLC,* 2021 WL 4936240, *2 (N.D. Ill. May 18, 2021) (dismissing Title VII race and color discrimination claims raised for the first time in federal lawsuit); *Summerland v. Exelon Generation Co.*, 455 F. Supp. 3d 646, 660-61 (N.D. Ill. 2020) (dismissing claims based on race, color, sex, religion, or national origin where "[t]he charge says nothing about" those bases).

Because Plaintiff has failed to exhaust his administrative remedies with respect to his SAC retaliation claim, the Court should dismiss Count II, with prejudice.

## IV. CONCLUSION

Plaintiff's third bite at the apple falls as far short of stating a claim for retaliation as did his first and second complaints. Within his SAC, he makes a wholly unsupported assertion that he complained of discrimination (not stating to whom, when, or what he said), continues to contend that his disclosure that he is disabled constitutes protected activity, and fails to plead any facts from which the Court could reasonably infer that there was a causal connection between the

purported complaint and BNSF's hiring decision. Plaintiff's retaliation claim further fails because, at the EEOC stage, he made no mention of any complaint of discrimination or of any other allegations reasonably related to his SAC retaliation claim. Because this is Plaintiff's third futile attempt to flesh out a retaliation claim against BNSF, the Court should dismiss the claim (Count II) with prejudice.

Dated:  March 28, 2023

Respectfully submitted,

**BNSF RAILWAY COMPANY**

By:    s/Susan M. Troester
       One of Its Attorneys

Martin K. LaPointe (ARDC #6195827)
Susan M. Troester (ARDC #6238264)
LAPOINTE LAW, P.C.
1200 Shermer Road, Suite 425
Northbrook, Illinois 60062
Telephone:  847-786-2500
Facsimile:  847-786-2650

## CERTIFICATE OF SERVICE

    The undersigned, an attorney for the Defendant, hereby certifies that on March 28, 2023, she filed the foregoing **DEFENDANT BNSF RAILWAY COMPANY'S RULE 12(b)(6) MOTION TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT** electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record via email.

By:   /s/Susan M. Troeser